IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 1:12-CR-00091 |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| **JOSE CRUZ** | : | |

## ORDER

AND NOW, this 14th day of March, 2014, upon consideration of petitioner Jose Cruz's motion (Doc. 769) to vacate, set aside, or correct the sentence imposed by this court on May 31, 2013, and it appearing that Cruz filed the motion pursuant to 28 U.S.C. § 2255,[1] which is subject to a one-year statute of limitations from the date on which the judgment of conviction becomes final, see 28 U.S.C. § 2255(f)(1); Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) (holding that "a 'judgment of conviction becomes final' within the meaning of § 2255 on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires"); United States v. Davies, 394 F.3d 182, 186 n.2 (3d Cir. 2005), and it appearing that Cruz filed a direct appeal from the judgment on June 12, 2013 (Doc. 624), and that the Third Circuit affirmed the court's judgment on March 7, 2014 (Doc. 766), and it further appearing that the 90-day time period for filing a petition for certiorari in

---

[1] Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a [district] court . . . claiming . . . that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."

the Supreme Court has not yet expired, and the court concluding that it will not review a collateral motion pursuant to 28 U.S.C. § 2255 while the petitioner may seek certiorari review, see Kapral, 166 F.3d at 570 ("[A] collateral attack is generally inappropriate if the possibility of further direct review remains open."); United States v. Frady, 456 U.S. 152, 165 (1982) (stating that a collateral challenge may not act as a substitute for an appeal), it is hereby ORDERED that the motion (Doc. 769) to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 is DISMISSED without prejudice.

      /S/ CHRISTOPHER C. CONNER  
      Christopher C. Conner, Chief Judge  
      United States District Court  
      Middle District of Pennsylvania