## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:12-CR-91 |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| JOSE CRUZ, | : | |
| | : | |
| Petitioner | : | |

## MEMORANDUM

Presently before the court is the *pro se* motion (Doc. 881) to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255,[1] filed by petitioner Jose Cruz ("Cruz") on July 2, 2014, wherein Cruz asserts that his counsel rendered ineffective assistance by failing to object to the imposition of a sentencing adjustment. Also pending before the court is Cruz's *pro se* motion (Doc. 947) to amend his § 2255 petition pursuant to Federal Rule of Civil Procedure 15, wherein Cruz seeks to clarify his ineffective assistance of counsel claim. For the reasons that follow, the court will grant Cruz's motion to amend but will deny Cruz's § 2255 motion, as amended.

## I.   Factual Background and Procedural History

On April 11, 2012, a federal grand jury returned an indictment charging Cruz and others with multiple drug-related offenses. (Doc. 1). The grand jury thereafter returned a superseding indictment. (Doc. 236). The superseding indictment

---

[1] This statute provides that "[a] prisoner in custody under sentence of a [district] court . . . claiming . . . that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

charged Cruz with seven counts, including distribution and possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count IV).  (Id.)  Cruz pleaded not guilty to all counts in the superseding indictment on August 15, 2012.  (Doc. 307).  On November 20, 2012, the government filed a written plea agreement in which Cruz agreed to plead guilty to Count IV of the superseding indictment and the parties agreed to recommend at sentencing that the weight of cocaine hydrochloride attributable to Cruz under the Sentencing Guidelines was at least 500 grams but less than two kilograms.  (Doc. 395 at 1, 8-9).  The agreement also provided that the government would move at sentencing for a three-level reduction in Cruz's offense level if Cruz could adequately demonstrate acceptance of responsibility.  (Id. at 7-8).  On December 17, 2012, Cruz pleaded guilty to Count IV of the superseding indictment pursuant to the plea agreement. (Doc. 423).

The United States Probation Office prepared a presentence investigation report ("PSR") and initially recommended that Cruz receive a three-level reduction for acceptance of responsibility under § 3E1.1 of the United States Sentencing Guidelines ("U.S.S.G.").  Prior to sentencing, the probation officer submitted a revised PSR that recommended no adjustment for acceptance of responsibility on the grounds that Cruz had allegedly engaged in additional criminal conduct while on pretrial release.  Without any reduction for acceptance of responsibility, the revised PSR calculated a total offense level of 26.

On May 30, 2013, Cruz proceeded to sentencing.  At the hearing, Cruz objected to the manner in which the PSR assigned criminal history points to certain

prior state convictions and the PSR's failure to credit Cruz with acceptance of responsibility.  (See Doc. 652 at 4:2-6).  With respect to the latter issue, the government presented Detective Nicholas Licata ("Detective Licata"), who testified about Cruz's alleged participation in drug trafficking activities on pretrial release, and Probation Officer Michael Raccuia, who testified about Cruz's noncompliance with other pretrial obligations.  Cruz's counsel cross-examined both witnesses and argued that a reduction for acceptance of responsibility was warranted under the circumstances.  The court overruled both objections, determined that Cruz's offense level was 26 and that his criminal history category was VI, and sentenced Cruz to 120 months' imprisonment on Count IV of the superseding indictment.  (See id. at 56:14-22; Doc. 614).

Cruz appealed his sentence.  He argued on appeal that the court erred in assigning three criminal history points to his 2001 and 2007 state convictions, respectively, under U.S.S.G. § 4A1.2(k)(1).  On March 7, 2014, the United States Court of Appeals for the Third Circuit affirmed the court's judgment in a nonprecedential opinion.  United States v. Cruz, 558 F. App'x 264, 267-68 (3d Cir. 2014).  Cruz did not seek further review by the Supreme Court.

During his direct appeal and before his time for filing a petition for *certiorari* expired, Cruz twice filed § 2255 motions.  (Docs. 735, 769).  The court dismissed both motions without prejudice on the ground that direct review was still available.  (Docs. 738, 771).  On July 2, 2014, Cruz filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  (Doc. 881).  Cruz asserts one ineffective assistance of counsel claim on the basis of counsel's purported failure to

object to the imposition of an adjustment under U.S.S.G. § 3C1.3 for commission of

an offense while on release.  After the court advised Cruz about restrictions on filing

second or successive motions under 28 U.S.C. § 2255, Cruz elected to have his

motion construed and ruled on under § 2255.  (Docs. 889, 903).  The government

filed a brief in opposition to Cruz's motion, in which it stated that Cruz's offense

level was not enhanced under U.S.S.G. § 3C1.3.  (Doc. 929).  On September 9, 2014,

Cruz moved to amend his petition.  (Doc. 947).  Cruz concedes that his offense level

was not adjusted under U.S.S.G. § 3C1.3 but contends that the court improperly

denied a three-level reduction for acceptance of responsibility under U.S.S.G.

§ 3E1.1.  (See Doc. 947 at 2).  Cruz claims that his trial and appellate counsel were

ineffective in failing to object to the denial of an acceptance of responsibility

reduction in light of the parties' plea agreement and in failing to argue that this

denial unconstitutionally subjected Cruz to an increased sentence.  (Doc. 947).  The

motions have been briefed and are ripe for review.

## II.   Legal Standard

The two-pronged test articulated in Strickland v. Washington, 466 U.S. 668

(1984), governs claims for ineffective assistance of counsel.  To prevail on this claim,

a petitioner must demonstrate (1) that counsel's representation fell below an

objective standard of reasonableness based on prevailing professional norms and

(2) that the deficient representation was prejudicial.  Id. at 687-88.  Conclusory

allegations are insufficient to entitle a petitioner to relief under § 2255.  See

Sepulveda v. United States, 69 F. Supp. 2d 633, 639-40 (D.N.J. 1999) (citing

Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

4

In determining whether counsel has satisfied the objective standard of reasonableness in accordance with the first Strickland prong, courts must be highly deferential toward counsel's conduct. Strickland, 466 U.S. at 689. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. See United States v. Gray, 878 F.2d 702, 710 (3d Cir. 1989) (quoting Strickland, 466 U.S. at 689). Only a "rare claim" of ineffectiveness of counsel should succeed "under the properly deferential standard to be applied in scrutinizing counsel's performance." Id. at 711 (citing Strickland, 466 U.S. at 689-90). Counsel will not be deemed ineffective for failing to raise a meritless claim. United States v. Saunders, 165 F.3d 248, 253 (3d Cir. 1999).

To satisfy the prejudice prong, the petitioner must show there is a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different. See Strickland, 466 U.S. at 694. To prevail on a claim for ineffective assistance of counsel, a petitioner must satisfy both prongs of the Strickland test. Carpenter v. Vaughn, 296 F.3d 138, 149 (3d Cir. 2002). The district court need not carry out its analysis of the two prongs in a particular order or even address both prongs of the inquiry if the defendant makes an insufficient showing in one. Strickland, 466 U.S. at 697. Moreover, when the record affirmatively indicates that a petitioner's § 2255 claim for relief is without merit, the claim may be decided on the record without a hearing. See Gov't of V.I. v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985).

### III.   Discussion

#### A.   Cruz's Motion to Amend

As an initial matter, the court will consider whether Cruz may amend his § 2255 motion.  The Federal Rules of Civil Procedure govern the amendment of habeas petitions.  See Riley v. Taylor, 62 F.3d 86, 89-90 (3d Cir. 1995).  Federal Rule of Civil Procedure 15 provides that a party may amend its pleading once as a matter of course within twenty-one days after service of the pleading or service of a required responsive pleading, or by leave of court in all other circumstances.  FED. R. CIV. P. 15(a).  Leave to amend should be freely granted barring certain exceptions.  United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).  Rule 15 is intended to offer the "maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities."  United States v. Thomas, 221 F.3d 430, 435 (3d Cir. 2000) (citation omitted).

In the case *sub judice*, Cruz filed his motion to amend contemporaneously with his reply to the government's opposition brief and well within the applicable one-year limitation period.[2]  Cruz acknowledges that he misunderstood the court's treatment of certain sentencing adjustments and seeks to clarify the nature of his ineffective assistance of counsel claims.  Finding no evidence of undue delay, bad faith, or prejudice to the government, and assuming *arguendo* that amendment

---

[2] In any event, the court notes that the original and amended claims relate to the same "core of operative facts" insofar as both seek to challenge the effectiveness of counsel's assistance in connection with the application of certain offense level adjustments.  See Mayle v. Felix, 545 U.S. 644, 664 (2005).

would not be futile, the court will grant Cruz's motion to amend his § 2255 petition. Although Cruz may bring his desired grounds for relief, his claims ultimately fail on the merits.[3]

### B.    Cruz's Amended Ineffective Assistance of Counsel Claims

In his amended § 2255 motion, Cruz advances two grounds for relief.[4]  First, Cruz contends that his trial and appellate counsel provided ineffective assistance by failing to object to the denial of an offense level reduction for acceptance of responsibility in light of the written plea agreement.  (Doc. 947 at 4-5).  Second, Cruz argues that trial and appellate counsel were ineffective in failing to argue that this denial contravened Supreme Court precedent regarding the enhancement of statutory sentencing ranges.  (Id. at 7-9).  The court will address each of these claims in turn.

---

[3] To the extent that Cruz has not abandoned his original ineffective assistance of counsel claim, the court will deny the claim.  In his initial § 2255 motion, Cruz argued that his attorney failed to object to the imposition of an adjustment under U.S.S.G. § 3C1.3 for commission of an offense while on release. (Doc. 881 at 4-6).  That provision instructs courts to increase the offense level when a statutory sentencing enhancement under 18 U.S.C. § 3147 applies.  U.S.S.G. § 3C1.3.  In the instant matter, neither a sentencing enhancement under 18 U.S.C. § 3147 nor an adjustment under U.S.S.G. § 3C1.3 was applied to Cruz's sentence.  As the government correctly notes (Doc. 929 at 4), counsel's failure to object to sentencing enhancements that were never applied cannot constitute ineffective assistance.  Insofar as Cruz continues to allege in his amended § 2255 motion that the court's denial of acceptance of responsibility was somehow predicated on U.S.S.G. § 3C1.1 or § 3C1.3 (see Doc. 947 at 2, 8-9), Cruz is mistaken.

[4] In evaluating Cruz's entitlement to § 2255 relief, the court liberally construes Cruz's *pro se* § 2255 motion, as amended.  See Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002).

### 1. *Failure to Object to Denial of Acceptance of Responsibility Reduction in Light of Alleged Breach of Plea Agreement*

Cruz contends that the written plea agreement provided that the government would move at sentencing for a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1[5] and that the government breached the agreement by failing to request the same.  (Doc. 947 at 4-5).  Cruz avers that he asked trial and appellate counsel to object to this denial and to argue that the government violated the plea agreement.  (Id. at 4).  By failing to object to the loss of this reduction, according to Cruz, counsel's assistance was constitutionally deficient.[6]

---

[5] This adjustment instructs sentencing courts to reduce the offense level by two levels "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense."  U.S.S.G. § 3E1.1(a).  The Guidelines further direct courts to decrease the offense level by an additional level if defendant otherwise qualifies for a reduction, the total offense level is sixteen or greater prior to the reduction, and the government files a motion stating, *inter alia*, that "the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty."  Id. § 3E1.1(b).

[6] Claims that could have been but were not raised on direct appeal generally are not cognizable on collateral review unless the petitioner establishes both "cause" for the procedural default and "actual prejudice" resulting from the purported error.  See United States v. Pelullo, 399 F.3d 197, 220-21 (3d Cir. 2005) (quoting United States v. Frady, 456 U.S. 152, 167-68 (1982)).  Ineffective assistance of counsel that results in a violation of the Sixth Amendment constitutes "cause" for the default.  Hodge v. United States, 554 F.3d 372, 379 (3d Cir. 2009).

Cruz mischaracterizes the plea agreement.[7]  The government agreed to move at sentencing for a reduction "*if* [Cruz] can adequately demonstrate this acceptance of responsibility."  (Doc. 395 ¶ 10 (emphasis added)).[8]  At Cruz's change of plea hearing, the government explained that the relevant provision of the agreement endorsed a reduction "*provided that* [Cruz] accept responsibility as contemplated by the sentencing guidelines."  (Doc. 651 at 8:15-20 (emphasis added)).[9]  The

---

[7] With respect to acceptance of responsibility, the plea agreement provides as follows:

> Counsel for the defendant has affirmatively indicated to the United States Attorney's Office that the defendant . . . will clearly demonstrate a recognition and affirmative acceptance of responsibility as required by the sentencing guidelines.  Additionally, the defendant has assisted authorities in the investigation and prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate its resources efficiently.  Accordingly, if the defendant can adequately demonstrate this acceptance of responsibility to the government, the United States Attorney's Office hereby moves at sentencing that the defendant receive a three-level reduction in the defendant's offense level for acceptance of responsibility.  The failure of the Court to find that the defendant is entitled to this three-level reduction shall not be a basis to void this plea agreement.

(Doc. 395 ¶ 10).  In construing the agreement, the court is mindful that it must consider the plain meaning of the document and offer any benefit of the doubt to Cruz given the government's bargaining power in the plea negotiation process.  See United States v. Davenport, 775 F.3d 605, 609 (3d Cir. 2015).

[8] The agreement also assumed that Cruz "*will* clearly demonstrate a recognition and affirmative acceptance of responsibility as required by the sentencing guidelines" and thus contemplates additional conduct by Cruz before circumscribing the government's position with respect to acceptance of responsibility.  (See Doc. 395 ¶ 10 (emphasis added)).

[9] At the hearing, Cruz affirmed that he had read and understood the plea agreement and that the government's summary of the agreement was accurate. (Doc. 651 at 7:7-13, 9:24-10:2).

conditional aspect of this provision forecloses any argument that the government was required to move at sentencing for an acceptance of responsibility adjustment even if Cruz failed to satisfy his obligations under the agreement.

In <u>United States v. Macon</u>, the Third Circuit considered whether substantially similar language in a plea agreement obligated the government to recommend a reduction for acceptance of responsibility.  91 F. App'x 239, 241-42 (3d Cir. 2004).[10]  The court reasoned that "although the agreement was predicated on the assumption that [defendant] would make the requisite showing, the Government's obligation to recommend a three-point reduction was contingent on [defendant's] actual demonstration of acceptance of responsibility in accordance with the sentencing guidelines."  <u>Id.</u> at 242.  After the Probation Office concluded that the defendant had not demonstrated acceptance of responsibility when he failed to disclose the source of his drugs and his role in the offense, the government elected not to pursue a reduction at sentencing.  <u>Id.</u>  The court held that because the defendant failed to make the necessary showing of acceptance of responsibility, the government did not breach the plea agreement when it declined to recommend a reduction.  <u>Id.</u>; <u>cf.</u> <u>United States v. Toro</u>, No. 1:CR-08-194, 2011 WL 1871212, at *1-2 (M.D. Pa. May 16, 2011) (finding a *quid pro quo* in a substantially similar provision

---

[10] The court acknowledges that <u>Macon</u> is a nonprecedential opinion but nevertheless finds persuasive the court's *ratio decidendi* with respect to whether the government breached the plea agreement by declining to recommend a reduction for acceptance of responsibility and whether counsel was ineffective for failing to argue that the government breached the agreement.

of a plea agreement whereby the defendant's failure to demonstrate acceptance of responsibility relieved the government of any obligation to support a reduction).

A defendant who seeks a reduction for acceptance of responsibility bears the burden of demonstrating by a preponderance of the evidence that such a reduction is warranted.  United States v. Boone, 279 F.3d 163, 193 (3d Cir. 2002).  Cruz did not meet his burden in the case *sub judice*.  At Cruz's sentencing hearing, Detective Licata credibly testified that he had observed Cruz engage in drug transactions over a lengthy period of time during pretrial release.  Detective Licata further testified that a confidential informant purchased heroin from Cruz on April 30, 2013, which led to Cruz's subsequent arrest on drug-related charges.  Given the record evidence of repeated criminal conduct on pretrial release, the court overruled Cruz's objection[11] to the revised PSR and found that no credit for acceptance of responsibility was warranted.  (Doc. 652 at 55:14-56:13); see also United States v. Ceccarani, 98 F.3d 126, 130 (3d Cir. 1996) ("Continual criminal activity, even differing in nature from the convicted offense, is inconsistent with an acceptance of responsibility and an interest in rehabilitation."); U.S.S.G. § 3E1.1 cmt. n.1(B) (listing "voluntary termination or withdrawal from criminal conduct or associations" as a relevant consideration when assessing acceptance of responsibility).  The government did not violate the plea agreement in declining to

---

[11] In its opinion reviewing the assignment of criminal history points, the Third Circuit panel noted that this court sustained the government's objection to Guidelines credit for acceptance of responsibility.  Cruz, 558 F. App'x at 266 n.2.  The panel may have misapprehended the source of the objection.  In any event, whether the objection is characterized as Cruz's or the government's does not affect the court's analysis herein.

move for a reduction when Cruz clearly failed to demonstrate acceptance of

responsibility under the Guidelines.  See Macon, 91 F. App'x at 242; Toro, 2011 WL

1871212, at *2.[12]

Where, as here, the government complies with its obligations under a plea

agreement, counsel does not act unreasonably by failing to argue that the

government breached the agreement.  See Davenport, 775 F.3d at 609 (holding that

because the government did not breach the plea agreement, "it necessarily follows

that . . . counsel was not ineffective for failing to object to a non-existent breach");

Macon, 91 F. App'x at 242 (reasoning that because the petitioner's breach argument

was not meritorious, counsel was not ineffective for declining to argue breach on

---

[12] Cruz cites Puckett v. United States, 556 U.S. 129 (2009), in support of his
first ineffective assistance claim.  In Puckett, the Supreme Court held that when a
defendant fails to raise before the district court a claim that the government
breached a plea agreement, that forfeited claim is subject to plain error review on
appeal.  556 U.S. at 133-34.  Given the procedural posture of this matter and the
nature of Cruz's claims, the plain error standard is inapposite at this juncture.  See
Frady, 456 U.S. at 166 & n.15; Pelullo, 399 F.3d at 221 (quoting Frady, 456 U.S. at
164).  The court also notes that, unlike the plea agreement in the instant matter, the
agreement at issue in Puckett apparently stated unconditionally that the defendant
qualified for a three-level reduction for acceptance of responsibility.  See Puckett,
556 U.S. at 131.

appeal). Hence, the court will deny Cruz's first ineffective assistance of counsel claim.[13]

### 2. *Failure to Object to Alleged Violations of* Alleyne *and* Cunningham

Cruz further argues that the court improperly denied at sentencing an offense level reduction for acceptance of responsibility rather than requiring that the facts underlying this denial be presented in an indictment and proved beyond a reasonable doubt. Specifically, Cruz contends that this denial increased his statutory minimum sentence in violation of <u>Alleyne v. United States</u>, __ U.S. __, 133 S. Ct. 2151 (2013), and exposed him to a greater statutory maximum sentence in

---

[13] Contrary to Cruz's assertion (Doc. 947 at 4-5), trial counsel objected at the sentencing hearing to the revised PSR's recommendation that a reduction for acceptance of responsibility was unwarranted. Indeed, counsel thoroughly cross-examined both government witnesses and argued, *inter alia*, that Cruz's drug addiction mitigated any criminal activities on pretrial release. (Doc. 652 at 21:12-33:7, 37:20-47:5, 48:1-49:1, 49:20-54:20). To the extent that Cruz contends that appellate counsel was ineffective for failing to contest on appeal the court's denial of acceptance of responsibility, independent of any claim that the government breached the plea agreement, Cruz is not entitled to relief under § 2255. As explained *supra*, Cruz plainly failed to demonstrate acceptance of responsibility under the Sentencing Guidelines. The court notes that appellate counsel is not required to advance every nonfrivolous claim, but rather may argue only certain claims to maximize the chance of success on appeal. <u>United States v. Ushery</u>, No. 1:07-CR-403, 2012 WL 2871663, at *4 (M.D. Pa. July 12, 2012) (quoting <u>Smith v. Robbins</u>, 528 U.S. 259, 288 (2000)). Under the circumstances, it was not objectively unreasonable for appellate counsel to focus on the court's assignment of criminal history points under U.S.S.G. § 4A1.2(k)(1) rather than on the court's denial of credit for acceptance of responsibility. <u>See</u> <u>United States v. Harris</u>, 751 F.3d 123, 127 (3d Cir. 2014) (observing that the Third Circuit is "especially deferential" to sentencing courts' acceptance of responsibility determinations (citation omitted)); U.S.S.G. § 3E1.1 cmt. n.5 ("The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility."). Assuming *arguendo* that counsel should have raised this argument on appeal in an exercise of extreme caution, the court finds no reasonable probability that, but for this omission, the Third Circuit would have reached a different result on direct appeal.

violation of Cunningham v. California, 549 U.S. 270 (2007).  (Doc. 947 at 7-9).  Cruz

maintains that trial and appellate counsel were ineffective in failing to pursue these

arguments.  (See id. at 9).[14]

In Alleyne, the Supreme Court held that any fact that increases the

mandatory minimum sentence is an element of the crime and must be submitted to

the jury.  133 S. Ct. at 2155.  The Court relied on Apprendi v. New Jersey, 530 U.S.

466 (2000), which concluded that under the Sixth Amendment any fact that raises

the statutory maximum sentence must be found by the jury, and reasoned that

there was no basis to treat differently facts that increase the minimum sentence.

See Alleyne, 133 S. Ct. at 2157, 2162-63 (overruling Harris v. United States, 536 U.S.

545 (2002)).

In Cunningham, the Court considered the constitutionality of California's

determinate sentencing law, under which a judge could impose an upper term

sentence, rather than the standard middle term sentence, if the court found certain

aggravating circumstances.  549 U.S. at 275-76.  Under Apprendi and related Sixth

Amendment precedent, the middle term constituted the relevant statutory

maximum.  Cunningham, 549 U.S. at 293.  Accordingly, the Court held that

California's sentencing law violated the Sixth Amendment because it "allocate[d] to

---

[14] To the extent that Cruz's claim is not predicated on ineffective assistance of
counsel, Cruz offers no explanation for his failure to raise this issue on direct
review, and the court discerns no "cause" to excuse this failure.  See Pelullo, 399
F.3d at 223.  Notwithstanding any procedural default, the court considers the merits
of Cruz's Alleyne and Cunningham arguments infra.

judges sole authority to find facts permitting the imposition of an upper term sentence." Id.

In the case *sub judice*, Cruz's crime of conviction carries a statutory maximum sentence of twenty years and no statutory minimum sentence. 21 U.S.C. § 841(b)(1)(C).[15] The court sentenced Cruz to a term of imprisonment of 120 months, which was within the statutory and Guidelines ranges. (See Doc. 614). As the Third Circuit has made plain, a district court may find facts under a preponderance of the evidence standard when selecting an appropriate sentence within the statutory range based on the Sentencing Guidelines. United States v. Smith, 751 F.3d 107, 117 (3d Cir. 2014) (citing United States v. Grier, 475 F.3d 556, 562-68 (3d Cir. 2007) (en banc)). Alleyne does not curtail this discretion. Id.; see also Alleyne, 133 S. Ct. at 2163 ("We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment."). Given that Cruz's sentence was not constrained by any statutory minimum, his Alleyne argument is clearly meritless.

Cruz's Cunningham argument is also unavailing. The Court's decision in Cunningham represents an extension of Apprendi and Sixth Amendment precedent that precludes courts from finding facts that increase a sentence above the statutory maximum or standard range. See Reinhold v. Rozum, No. 07-5154, 2008 WL 2474570, at *3 (E.D. Pa. June 18, 2008), aff'd, 604 F.3d 149 (3d Cir. 2010). In the instant case, the court sentenced Cruz to a term of imprisonment below the

---

[15] In his motion to amend, Cruz incorrectly asserts that his offense triggered a statutory sentencing range of five to forty years. (Doc. 947 at 7).

statutory maximum for the relevant offense after calculating the advisory Guidelines range and considering the sentencing factors set forth in 18 U.S.C. § 3553(a).  (Doc. 652).  In denying an acceptance of responsibility adjustment under the Sentencing Guidelines, the court did not find any fact that increased Cruz's maximum sentence.  Cunningham is thus wholly inapposite.  Cf. Grier, 475 F.3d at 565 ("[T]he right to proof beyond a reasonable doubt attaches only when the facts at issue have the effect of increasing the maximum punishment to which the defendant is exposed.  The advisory Guidelines do not have this effect." (citation omitted)); United States v. Amos, 192 F. App'x 128, 130-31 (3d Cir. 2006) (nonprecedential) (rejecting as meritless defendant's argument that the sentencing court violated Apprendi by denying a sentencing adjustment when the denial did not increase defendant's statutory maximum sentence).  Counsel does not act unreasonably by failing to raise meritless arguments.  Saunders, 165 F.3d at 253. Moreover, Cruz cannot demonstrate a reasonable probability that his sentence would have been different had counsel litigated these meritless arguments on direct review.  Accordingly, Cruz's second ineffective assistance of counsel claim also fails under Strickland.

**IV.   Conclusion**

For all of the foregoing reasons, the court will grant Cruz's motion (Doc. 947)

to amend but will deny his amended motion (Doc. 881) to vacate, set aside, or

correct sentence under 28 U.S.C. § 2255 because the record conclusively establishes

that Cruz is not entitled to § 2255 relief.[16]  An appropriate order will issue.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania


Dated:        May 7, 2015

---

[16] Accordingly, the court will also deny Cruz's request for an evidentiary
hearing.  See 28 U.S.C. § 2255(b).